# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DAKWON L. OLIVER, | : | |
| Plaintiff, | : | |
| vs. | : | CA 18-0200-CG-MU |
| MOBILE COUNTY, et al., | : | |
| Defendants. | | |

## **REPORT AND RECOMMENDATION**

Plaintiff initially filed a civil rights action in the Middle District of Alabama on April 2, 2018, pursuant to 42 U.S.C. § 1983, challenging the constitutionality of actions that occurred during his interrogation by Defendant Matthew Peak, a Mobile County detective, at the Mobile County Sheriff's office on October 10, 2017. (*See* Doc. 5, Complaint.) Oliver's action was transferred to this Court on April 24, 2018 (*see* Doc. 5, ORDER) and by Order dated May 8, 2018, the undersigned instructed Plaintiff to file this Court's form for a complaint under § 1983 and its form for a motion to proceed without prepayment of fees by not later than May 31, 2018 (Doc. 6, at 1). Plaintiff was informed that any failure "to comply with this order within the prescribed time or to notify the Court immediately of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order." (*Id.*) To date, Plaintiff has not responded in any manner to the undersigned's May 8, 2018 Order. (*See* Docket Sheet.)

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding

district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, Plaintiff has not responded to the Court's Order dated May 8, 2018, instructing him to file his complaint on this Court's form for a complaint under § 1983 and to file this Court's form for a motion to proceed without prepayment of fees, not later than May 31, 2018. (*Compare* Docket Sheet *with* Doc. 6.) Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's civil action, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal

for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of June, 2018.

                  s/P. BRADLEY MURRAY
              **UNITED STATES MAGISTRATE JUDGE**